UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ivane Kopaleishvili, individually and on behalf of all others similarly situated;<br><br>                                  Plaintiff,<br><br><br><br>   -v.-<br>McCarthy, Burgess & Wolff, Inc.,<br><br><br>                                  Defendant. | Civil Action No: 1:22-cv-2176<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ivane Kopaleishvili (hereinafter, "Plaintiff"), individually an on behalf of all others similarly situated, by and through her attorneys, Horowitz Law, PLLC, complains, states and alleges against Defendant McCarthy, Burgess & Wolff, Inc., (hereinafter "Defendant" or "McCarthy"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. Plaintiff is a natural person allegedly obligated to pay a debt.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

7. Defendant McCarthy, Burgess & Wolff, Inc., is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 26000 Cannon Road Cleveland, OH 44146 and may be served in New York c/o National Registered Agents, Inc. at 28 Liberty Street, New York, NY 10005.

8. Upon information and belief, Defendant McCarthy is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

9. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

10. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

11. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers… as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008).

13. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

15. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

16. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability my only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id*.

## CLASS ALLEGATIONS

17. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

18. Plaintiff seeks to certify a class of:

> All consumer to who Defendant McCarthy sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

19. This action seeks a finding that Defendant McCarthy's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. §1692k.

20. The Class consist of more than thirty-five persons.

21. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a demeanor applicable to the Class as a whole such that declaratory relief is warranted.

23. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brough under consumer protection laws.

## FACTUAL ALLEGATIONS

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25. Sometime prior April 19, 2021, an obligation was allegedly incurred by the Plaintiff.

26. The obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

27. The alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28. Citibank N.A. is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29. Sometime thereafter, Citibank N.A. assigned the debt to Defendant McCarthy in an attempt to collect the alleged debt.

30. Defendant McCarthy collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

31. On or around April 19, 2021 a debt collection letter (the "Letter") from Defendant McCarthy regarding the alleged debt was sent to Plaintiff's address. **See Exhibit A**.

32. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The Letter did not address the letter to Plaintiff directly but rather only identifying the last name of Plaintiff.

34. Other members of Plaintiff's family use the same last name as Plaintiff and as a result saw the Letter.

35. Plaintiff did not give permission to the creditor or any of its affiliates to send any correspondence to any other person.

36. Plaintiff did not give permission to Defendant to send any correspondence to any other person.

37. It was embarrassing to the Plaintiff when other members of his family informed him that he had received a debt collection letter.

38. Upon information and belief, Defendant failed to include Plaintiff's first name when addressing the letter so that others would view the letter or to circumvent attempting collection directly from Plaintiff. This was an effort to strongarm Plaintiff into payment of alleged debt.

39. Defendant is not permitted to communicate with third parties in connection with the collection of a debt without first directly obtaining a consumer's consent.

40. Congress is empowered to pass laws specific to this matter as it is rooted in the common-law analogue of invasion of privacy.

41. Consumers are entitled to retain privacy over their debts and are protected from other parties knowing about their financial affairs.

42. Plaintiff's privacy was breached when Defendant sent the Letter to Plaintiff's address without properly identifying Plaintiff.

43. This is the type of conduct Congress sought to prevent by enacting the relevant FDCPA provisions.

44. Defendant harassed Plaintiff and invaded his privacy by circumventing direct collection efforts against him.

45. Instead, Defendant dunned Plaintiff only using his last name in an effort to strongman payment from Plaintiff.

46. As a result of Defendant's deceptive, misleading, unfair, abusive, and false debt collections practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

47. Plaintiff repeats the above allegations as if set forth here.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692c.

49. Pursuant to 15 U.S.C. § 1692c(b), without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

50. Defendant violated said section as described above in violation of §§ 1692c, by communicating with other members of Plaintiff's family without Plaintiff's express permission.

51. By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

52. Plaintiff repeats the above allegations as if set forth here.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692d.

54. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

55. Defendant violated said section as described above in violation of §§ 1692d, by dunning Plaintiff without properly identifying him, and thus having other family members see the debt collection Letter in order to embarrass Plaintiff and unduly coerce him into repayment.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

57. Plaintiff repeats the above allegations as if set forth here.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Defendant violated said section as described above in violation of §§ 1692e, 1692e(10), 1692e(2):

61. By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

62. Plaintiff repeats the above allegations as if set forth here.

63. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

64. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

65. Defendant violated this section as described above.

66. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

67. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ivane Kopaleishvili, individually and on behalf of all others similarly situated, demands judgment from Defendant McCarthy as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Flushing, New York
April 15, 2022

/s/ Uri Horowitz
By: Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
Fax: (718) 705-8705
*Attorneys For Plaintiff*